IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DON AND CYNTHIA HALL,<br><br>    Plaintiffs,<br><br>vs.<br><br>(1) SHELTER MUTUAL INSURANCE COMPANY and (2) AARON RUIZ INSURANCE AGENCY, LLC<br><br>    Defendants. | Case No.   CIV-16-171-W |

# NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §1441, Defendant Shelter Mutual Insurance Company (Shelter), hereby removes *Don and Cynthia Hall, Plaintiffs, v. Shelter Mutual Insurance Company and Aaron Ruiz Insurance Agency, LLC*, in the state court action in the District Court of Oklahoma County, State of Oklahoma, CJ-2016-524 to this Court.  Pursuant to Local Rule 81.2(a), a copy of the state docket sheet is attached hereto as Exhibit 1 and State Court Pleadings attached as follows:

    Exhibit 2    Petition

    Exhibit 3    Proof of Service of Summons upon Shelter Mutual Insurance Company

    Exhibit 4    Proof of Service of Summons upon Aaron Ruiz Insurance Agency

This case became removable on February 2, 2016, upon Plaintiffs' initial service of their Summons and Petition upon Shelter.  (Petition stamped by Insurance Commission-Exhibit 5).  The Plaintiffs' Petition stipulates the amount in controversy is in excess of $75,000 which exceeds the minimum jurisdictional limits for removal.  (Exhibit 5). Shelter is timely filing this Motion within 30 days of the date it was initially served with the

Petition. The Plaintiffs are citizens of and domiciled in Oklahoma. This case is being removed pursuant to 28 U.S.C.A. §1332 as there is no **properly** joined defendant who is a citizen of Oklahoma and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Although the Plaintiffs have named one forum-state Defendant, insurance agent Aaron Ruiz (Ruiz), this non-diverse party's current presence in this suit does not defeat removal as Ruiz has been fraudulently joined in an attempt to defeat diversity jurisdiction and must be disregarded for purposes of diversity. Defendant Ruiz is in agreement with this Removal, has indicated he will be filing a Motion to Dismiss the claims against him and his arguments contained in the Motion to Dismiss are incorporated herein. As a matter of law, Plaintiffs have stated no valid claims against the forum state Defendant.

In support of this removal, Shelter shows this Court as follows:

1. Plaintiffs are citizens and residents of the State of Oklahoma and their domicile is in the State of Oklahoma. Plaintiffs represented they were domiciled in Oklahoma when they purchased, and as they maintained, their Shelter Insurance Policy. (Insurance Policy- Exhibit 6).

2. Defendant Shelter is incorporated under the laws of the State of Missouri and has its principle place of business is Columbia, Missouri.

3. The Plaintiffs allege in their Petition that they have suffered damages in an amount in excess of $75,000 (Exhibit 5).

4. Shelter was formally served with this litigation on February 2, 2016; and is filing this Motion within 30 days of the date it was served with a copy of the Summons and Petition. (Exhibit 5).

5. Aaron Ruiz is a Shelter Insurance agent, in other words what is known as a "captive agent" who only sells Shelter Insurance. (Website page- Exhibit 7).

6. Defendant Aaron Ruiz, has been fraudulently joined by Plaintiffs in order to defeat diversity, such that he must be ignored for purposes of diversity and removal. *See, e.g.,* Smoot v. Chicago, R.I. & P.R. Co., 378 F.2d 879, 882 (10th Cir. 1967) ("The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists.") (internal citation omitted); Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1276 (N.D. Okla. 2006) (denying motion to remand on the basis of fraudulent joinder where the plaintiffs' claims against non-diverse insurance agent were time-barred and otherwise without merit).

The reason for the doctrine regarding fraudulent joinder is that a plaintiff who joins a non-diverse defendant with the sole purpose of defeating removal is acting unfairly toward the non-diverse defendant who should not be a party, and to the diverse defendant whose statutory right of removal is unjustly prohibited. Wilson v. Republic Iron & Steel, 257 U.S. 92 (1921). This doctrine has been recognized by the U.S. Supreme Court for over 90 years. Wilson, supra. If a resident defendant is joined, "the joinder although fair upon its face, may

be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal." Id.

7. Upon allegations of fraudulent joinder "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available". "The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists". Dodd v. Fawcett Publications, Inc., 329 F.2d 82 (10th Circ. 1964). Fraudulent joinder "does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiffs' motives when the circumstances do not offer any other justifiable reason for joining the defendant". WolfCreek Nuclear Operating Corp. v. Framatome ANP, Inc., 416 F.Supp.2d 1081 (D.Kan.2006).

8. Plaintiffs procured a homeowners' insurance policy from Shelter claiming it was purchased from Ruiz as their Shelter agent, years before this alleged 2015 loss. There is no contention that Plaintiffs' homeowners' policy was not in effect at the time of the accident or did not apply to the accident. (Exhibit 6).

9. For their cause of action for negligence in the procurement of insurance against Ruiz, Plaintiffs admit that a homeowner's replacement cost policy was in effect, but claims that Ruiz was negligent in breaching a duty of good faith in procuring the policy and to inform Plaintiffs of all coverages, benefits limitations and exclusions in the coverage. Specifically, Plaintiffs claim Ruiz should have explained to them that a replacement cost policy is subject to depreciation and holdback- or should have procured such a policy without

depreciation and holdback (which to Shelter's knowledge would be an impossibility from any insurance company as depreciation and holdback clauses are standard in replacement policies).

Oklahoma law is clear that insurance agents "do not have a duty to advise their insureds with respect to their insurance needs", and a "request for adequate protection and the like" do not create such a duty.  Mueggenborg v. Ellis, 2002 OK CIV APP 88; 55 P.3d 542; Rotan v. Farmers Ins. Group of Companies, Inc., 2004 OK CIV APP 11; 83 P.3d 894; Cosper v. Farmers Ins. Co., 2013 OK CIV APP 78; 309 P.3d 147; Smith v. Allstate Vehicle and Property Ins. Co., 2014 WL 1382488 (W.D. OK. 2014)(a copy of which is attached hereto as Exhibit 8). In Smith, supra, the Court held that the removal was proper as the insurance agent was fraudulently joined as a party as there were no valid claims against him for a failure to provide adequate coverage or to "accurately inform Plaintiffs of all coverages benefits, limitations, risks and exclusions".  "Insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and the duty is not expanded by general requests for "full coverage" or "adequate protection". Rotan, supra.

In Cosper, supra, the Court held that there is no duty upon an insurer to provide an "adequate amount" of coverage. Cosper, supra.  In Smith, supra, the Court held that the removal was proper as the insurance agent was fraudulently joined as a party as there were no valid claims against him for a failure to provide adequate coverage or to "accurately inform Plaintiffs of all coverages benefits, limitations, risks and exclusions".

Further, in Oklahoma, an insured having accepted a policy is charged with the knowledge of the conditions and legal effect of the policy provisions. Liverpoool & L&G Insurance Co. v. T.M. Richardson Lumber Co., 69 P. 936 (Okla. 1902).  In Country Gold, Inc. v. State Auto Property and Cas. Inc. So., 2015 WL 431638 (W.D. OK), a copy of which is attached hereto as Exhibit 9, as in this case the Plaintiff claimed negligent procurement of a replacement cost policy because the policy did not actually replace the property and the agent did not inform him of the limitations or ensure that the policy provided adequate coverage and failed to procure the proper replacement cost policy.  The Court held there was no legal basis for Plaintiff's negligent procurement claim, and dismissed that cause of action. Id. (Exhibit 9).   Here, the Plaintiffs claim to have obtained the policy from Ruiz approximately 10 years prior to the loss at issue in this case.  More importantly, not only are the Plaintiffs charged with the knowledge of the conditions and legal effect of the policy provisions, but 5 years before the loss at issue, the Plaintiffs had a claim for another loss and received payment of that claim and an express explanation by Shelter in regard to the policy's terms regarding depreciation, and holdback. (2/15/11-Claim letter- Exhibit 10).  As such, over 4 years before this loss, Shelter had sent the insured's a letter expressly explaining the terms of the policy which Plaintiffs claim the agent did not explain and of which they were not aware and were irrefutably aware of the depreciation and holdback provisions of their policy.  Plaintiffs' claims against Ruiz clearly are not valid under Oklahoma law.

Further, an insurance agent, a stranger to an insurance contract, cannot be held to breach an implied covenant of fair dealing, or to be responsible for the insurer's alleged

breach thereof. Timmons v Royal Globe Ins. Company 653 P.2d 907, 912 (Okla.1982). The tort of bad faith is based on the insurer's alleged handling of the claim, not the conduct of an agent regarding the sale or issuance of the policy. Hayes v. Jackson Nat'l Life Ins. Co., 105 F.3d 583 (10th Circ. 1997); Claborn v. Wash Nat'l Ins. Co., 910 P.2d 1046 (Okla.1996). Again, Plaintiffs have stated no viable claim against Ruiz. As such, Ruiz's joinder must be deemed fraudulent and can not be utilized to defeat removal. The removal of this action is proper as there is diversity of citizenship between the appropriate parties.

10. Pursuant to 28 U.S.C.A. §1446, Defendant will serve written notice of the filing of this Notice of Removal upon Plaintiffs, and will file a copy of the Notice of Removal with the Clerk of the District Court of Oklahoma County.

Based on the foregoing, the United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under the diversity statute and Defendant is entitled to have this action removed to Federal court. Defendant requests that the Court dismiss all alleged claims against Ruiz. Dismissal is proper because Plaintiffs have wrongfully joined non-viable claims against Ruiz in an attempt to defeat Defendant's right of removal. Defendant requests that this Court assume original jurisdiction of this action and proceed with it to completion.

                                *s/ R. Ryan Deligans*
R. Ryan Deligans, OBA #19793
Andrew M. Gunn, OBA #19470
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone:  (405) 235-9584
Facsimile:  (405) 235-0551
E-Mail: dlb@dlb.net
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

☒I hereby certify that on February 23, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Reggie N. Whitten, Esq., OBA #9576
Michael Burrage, Esq., OBA #1350
J. Revell Parrish, Esq., OBA #30205
Whitten Burrage
1215 Classen Drive
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
E-Mail: rwhitten@whittenburragelaw.com
E-Mail: mburrage@whittenburragelaw.com
E-Mail: rparrish@whittenburragelaw.com

  and
John L. Branum, OBA #20165
Branum Law Firm, PLLC
7701 S.Western Ave., Ste. 205
Oklahoma City, OK 73139
Telephone: (800) 318-9950
Facsimile: (800) 418-8210
Attorneys for Plaintiffs

*s/ R. Ryan Deligans*
R. Ryan Deligans
Andrew M. Gunn

#13932657v1<OKC> -Notice of Removal (FED)2 1413.0453