

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| DON AND CYNTHIA HALL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: CJ-2016- |
| | ) |
| SHELTER MUTUAL INSURANCE | ) |
| COMPANY and AARON RUIZ | ) |
| INSURANCE AGENCY, LLC, | ) |
| | ) |
| Defendants. | ) |

## PETITION

Plaintiffs, Don and Cynthia Hall, for their cause of action against Defendants Shelter Mutual Insurance Company and Aaron Ruiz Insurance Agency, LLC, state as follows:

### JURISDICTION AND VENUE

1. Plaintiffs Don and Cynthia Hall (hereinafter "Plaintiffs") are citizens of the State of Oklahoma and residents of Oklahoma County.

2. Defendant, Aaron Ruiz Insurance Agency, LLC (hereinafter "Ruiz"), is a resident of Oklahoma County, Oklahoma.

3. Defendant, Shelter Mutual Insurance Company (hereinafter "Shelter"), is a foreign insurance company licensed and engaged in the business of insurance in the State of Oklahoma.

4. The claims that give rise to this lawsuit took place in Oklahoma County, Oklahoma.

5. Venue is proper under 12 O.S. § 137.

## FACTUAL BACKGROUND

6. On or about November 24, 2015, Plaintiff sustained a covered loss to their home that resulted in water damage.

7. As a result of the covered loss, mold developed in the home, which rendered it uninhabitable.

8. At the time the water damage occurred, Plaintiffs had in effect a homeowner's insurance policy through Shelter.

9. Plaintiff obtained said policy through their insurance agent, Defendant Ruiz. Plaintiffs specifically requested replacement cost coverage for their home. Defendant Ruiz promised Plaintiffs that in the event of a covered loss, replacement cost benefits would be extended and that no damage repairs would be subject to any type of depreciation or "holdback."

10. To date, Shelter has offered to pay only a small portion of Plaintiffs' covered loss and has ceased payment of Additional Living Expenses owed to Plaintiffs under the policy. Thus, Plaintiffs remain out of their home, incurring significant hotel expenses, as it is uninhabitable.

11. Despite Shelter offering to only pay a portion of Plaintiffs' damages, the payment is subject to "holdback" and/or depreciation, and Shelter offered only an Actual Cash Value payment. This is contrary to the coverage sold to Plaintiffs by Defendant Ruiz, who promised Plaintiffs replacement cost coverage and that coverage was not subject to any depreciation or withholding of payments under any circumstances.

12. Plaintiffs relied on Defendant Ruiz's representations and purchased the same. Plaintiff trusted and believed Defendant Ruiz had the requisite insurance agent skills and expertise to properly procure the replacement insurance coverage Plaintiffs requested.

## COUNT I: BREACH OF CONTRACT

13. Plaintiffs fully incorporate into this Paragraph each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

14. Plaintiffs entered into a contract of insurance with Defendant Shelter to provide coverage for their dwelling. The homeowner's replacement cost policy with Defendant Shelter was in full force and effect at all material times hereto.

15. Plaintiffs provided proper and timely notice to Defendant Shelter of their claim arising from the water damage that occurred in their home on or about November 24, 2015.

16. Plaintiffs have in all material ways complied with the terms and conditions of the policy.

17. Defendant Shelter, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits to which they are entitled under the terms and conditions of the policy.

18. As a result of Defendant Shelter's breach of contract and other wrongful conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## COUNT II: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

19. Plaintiffs fully incorporate into this paragraph each and every allegation contained in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

20. Shelter has a duty to deal fairly and in good faith with Plaintiffs.

21. Shelter did not deal fairly and in good faith with Plaintiffs.

22. Shelter failed to perform a proper investigation in regards to Plaintiffs' claim made under their homeowner's policy.

23. Shelter has refused, without proper cause, paying Plaintiffs all benefits they are owed under the insurance contract and pursuant to Oklahoma law.

24. Shelter has no reasonable basis in its refusal to recognize and pay Plaintiffs their replacement cost benefits owed under the policy.

25. Shelter knowingly and intentionally failed to engage in proper claims handling practices and failed to compensate its insured losses covered under its homeowner's insurance policy.

26. Shelter engaged in these improper claims practices knowing that its insureds would suffer financial harm.

27. Shelter put its interest in maximizing financial gains, and limiting disbursements above the interests of Plaintiffs.

28. As a consequence of Shelter's breach of the duty of good faith and fair dealing, Plaintiffs have sustained damages, including deprivation of monies rightfully belonging to them, anger, stress, worry, physical and emotional suffering, attorney fees and litigation costs.

29. The conduct of Shelter was intentional, willful, malicious, and/or in reckless disregard of the rights of others.

30. The actions of Shelter during the handling of Plaintiffs' claim demonstrate it intentionally, and with malice, breached its duty to deal fairly and in good faith. The actions of Defendant Shelter were intentional, malicious and consistent with an overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims. Plaintiffs

therefore seek punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## **COUNT III: NEGLIGENT PROCUREMENT OF INSURANCE**

31. Plaintiffs fully incorporate into this Paragraph each and every allegation contained in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

32. Plaintiffs hired Defendant Ruiz as their primary insurance agent for their homeowner's and automobile needs. At all times relevant hereto, Defendant Ruiz was an agent and/or ostensible agent of Defendant Shelter.

33. Ruiz owed Plaintiffs a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance of Plaintiffs, and in the notification to Plaintiff of insurance coverage options.

34. Ruiz had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions in the coverage procured.

35. Ruiz had a duty to procure the coverage that was actually requested by Plaintiffs, which included replacement cost coverage for their home.

36. Ruiz breached his duty owed to Plaintiffs and is liable to Plaintiffs because through the fault of Ruiz, the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss.

37. Plaintiffs assumed the policy of insurance procured and maintained by Ruiz conformed to their agreement and that replacement cost benefits were just that and not subject to any kind of holdback or depreciation.

38. Plaintiffs relied on Ruiz to procure and maintain the specified coverages requested. Ruiz knew, or should have known Plaintiffs relied on him to procure the specific

coverages requested, and it was foreseeable that the failure to procure the specified coverages for Plaintiffs could unnecessarily expose Plaintiffs to significant harm, losses, and damages.

39.   Ruiz is the agent and/or ostensible agent of Defendant Shelter, and Shelter is vicariously liable for the conduct of Ruiz.

40.   As a result of Ruiz's conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney's fees, costs and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants Shelter Mutual Insurance Company and Aaron Ruiz Insurance Agency, LLC in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs, interest, reasonable attorney fees, and other relief that this Court deems just and equitable.

Respectfully submitted,

_/s/ Reggie N. Whitten_
Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
J. Revell Parrish, OBA #30205
**WHITTEN BURRAGE**
1215 Classen Drive
Oklahoma City, OK 73103
Telephone:   (405) 516-7800
Facsimile:    (405) 516-7859

-and-

John L. Branum, OBA #20165<br>
BRANUM LAW FIRM, PLLC<br>
7701 South Western Ave., Suite 205<br>
Oklahoma City, OK 73139<br>
Telephone:   (800) 318-9950<br>
Facsimile:   (800) 418-8210

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**