**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)　　DON AND CYNTHIA HALL, | ) | |
| | ) | |
| 　　　　Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-171-W |
| | ) | |
| (1)　　SHELTER MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| 　　　　Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiffs, Don and Cynthia Hall, for their first amended cause of action against Defendant Shelter Mutual Insurance Company, state as follows:

## JURISDICTION

1. Plaintiffs Don and Cynthia Hall (hereinafter "Plaintiffs") are citizens of the State of Oklahoma and residents of Oklahoma County.

2. Defendant, Shelter Mutual Insurance Company (hereinafter "Shelter"), is a foreign insurance company licensed and engaged in the business of insurance in the State of Oklahoma. Shelter is incorporated under the laws of the State of Missouri and its principal place of business is located in Columbia, Missouri.

4. The amount in controversy exceeds $75,000.00.

5. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

1

## FACTUAL BACKGROUND

6. On or about November 24, 2015, Plaintiff sustained a covered loss to their home that resulted in water damage.

7. As a result of the covered loss, mold developed in the home, which rendered it uninhabitable.

8. At the time the water damage occurred, Plaintiffs had in effect a homeowner's insurance policy through Shelter.

9. To date, Shelter has offered to pay only a small portion of Plaintiffs' covered loss and has ceased payment of Additional Living Expenses owed to Plaintiffs under the policy. Thus, Plaintiffs remain out of their home, incurring significant hotel expenses, as it is uninhabitable.

10. Despite Shelter offering to only pay a portion of Plaintiffs' damages, the payment is subject to "holdback" and/or depreciation, including "non-recoverable" depreciation, and Shelter offered only an Actual Cash Value payment. Plaintiffs' Agent, Aaron Ruiz, advised Plaintiffs they had replacement cost coverage that would not be subject to such holdback and/or depreciation. Plaintiffs previously made a claim against Aaron Ruiz, but due to the fact Plaintiffs are still living in a hotel, incurring significant additional living expenses, Plaintiffs amend their Complaint on the sole basis to expedite this litigation.

## COUNT I:  BREACH OF CONTRACT

11. Plaintiffs fully incorporate into this Paragraph each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

12. Plaintiffs entered into a contract of insurance with Defendant Shelter to provide coverage for their dwelling. The homeowner's replacement cost policy with Defendant Shelter was in full force and effect at all material times hereto.

13. Plaintiffs provided proper and timely notice to Defendant Shelter of their claim arising from the water damage that occurred in their home on or about November 24, 2015.

14. Plaintiffs have in all material ways complied with the terms and conditions of the policy.

15. Defendant Shelter, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits to which they are entitled under the terms and conditions of the policy.

16. As a result of Defendant Shelter's breach of contract and other wrongful conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## COUNT II:  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

17. Plaintiffs fully incorporate into this paragraph each and every allegation contained in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

18. Shelter has a duty to deal fairly and in good faith with Plaintiffs.

19. Shelter did not deal fairly and in good faith with Plaintiffs.

20. Shelter failed to perform a proper investigation in regards to Plaintiffs' claim made under their homeowner's policy.

21. Shelter has refused, without proper cause, paying Plaintiffs all benefits they are owed under the insurance contract and pursuant to Oklahoma law.

22. Shelter has no reasonable basis in its refusal to recognize and pay Plaintiffs their replacement cost benefits owed under the policy.

23. Shelter knowingly and intentionally failed to engage in proper claims handling practices and failed to compensate its insured losses covered under its homeowner's insurance policy.

24. Shelter engaged in these improper claims practices knowing that its insureds would suffer financial harm.

25. Shelter put its interest in maximizing financial gains, and limiting disbursements above the interests of Plaintiffs.

26. As a consequence of Shelter's breach of the duty of good faith and fair dealing, Plaintiffs have sustained damages, including deprivation of monies rightfully

belonging to them, anger, stress, worry, physical and emotional suffering, attorney fees and litigation costs.

27.     The conduct of Shelter was intentional, willful, malicious, and/or in reckless disregard of the rights of others.

28.     The actions of Shelter during the handling of Plaintiffs' claim demonstrate it intentionally, and with malice, breached its duty to deal fairly and in good faith.  The actions of Defendant Shelter were intentional, malicious and consistent with an overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims.  Plaintiffs therefore seek punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Shelter Mutual Insurance Company in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs, interest, reasonable attorney fees, and other relief that this Court deems just and equitable.

Respectfully submitted,

s/ Reggie N. Whitten
Reggie N. Whitten, OBA #9576
WHITTEN BURRAGE
1215 Classen Drive
Oklahoma City, OK 73103
Telephone:   (405) 516-7800
Facsimile:    (405) 516-7859
Email:  rwhitten@whittenburragelaw.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will also transmit a Notice of Electronic Filing to the following ECF registrants:

R. Ryan Deligans
Andrew M. Gunn

                                                      s/ Reggie N. Whitten